**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ELIO ALEXANDER ROJAS LAMEDA, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 2:26-cv-3613 |
| | : | |
| Warden of Federal Detention Center of | : | |
| Philadelphia, *et al.*, | : | |
| Respondents. | : | |

# **O R D E R**

**AND NOW,** this 3rd day of June, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

Opposition, ECF No. 4;[2] and Petitioner's Reply, ECF No. 5; and for the reasons set forth in this

Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa.

January 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-

07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[3]

**IT IS ORDERED THAT**:

---

[1]     Petitioner Elio Alexander Rojas Lameda, a citizen of Venezuela, arrived in the United States without inspection on October 4, 2022.  *See* Pet. ¶ 3, ECF No. 1; Notice to Appear, ECF No. 1-3. He was paroled into the United States the next day.  *See* Pet. ¶ 3.  Lameda is married to a United States citizen and has an application for Immediate Relative Visa Petition pending.  *See id.* ¶ 2. Lameda, who has no criminal history, and was reporting to Immigration and Customs Enforcement ("ICE") as required, was recently arrested and detained by ICE.  *See id.* ¶¶ 3-4.  He is being held without access to a bond hearing.  *See id.* ¶ 15.  Lameda filed the instant habeas petition on May 27, 2026.  He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"); (2) bond regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; (3) the Administrative Procedures Act ("APA"); and (4)-(5) Fifth Amendment due process.  *See id.* ¶¶ 57-75.
[2]     On May 29, 2026, the Government filed a Response, arguing that the Court should deny habeas relief because: (1) Lameda is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) his detention does not violate Constitutional due process.  *See* Resp. 4-9, ECF No. 4.
[3]     These opinions addressed similar habeas claims and rejected the Government's arguments, which are similar to those brought in the above-captioned action.  These opinions are only two of dozens of analogous cases decided in this District.  In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1.      Petitioner Elio Alexander Rojas Lameda is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

hearing violated the INA and Fifth Amendment due process protections and that such petitioners— *i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2).  The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required, but the Government chose not to make these arguments in the instant case. *See* Resp. 4 n.3.

[4]      Lameda's continued detention without a bond hearing violates the INA.  As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA, due process, and bond regulations.  Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.  To the extent counsel seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.